8508

## MANSHIP v. NEWTON.

1. PARTNERSHIP—ACCOUNTING.—AN ADMINISTRATOR *de bonis non* of a partner in this State in a partnership business in Georgia is not necessary to wind up the partnership affairs there, nor is he a necessary party to a proceeding here for an accounting against the surviving partner.

2. IBID.—IBID.—In this case there is no effort to disregard the sale of the interest of deceased partners under order of the Georgia Court, but appellant having purchased these interests at that sale for the purpose of selling out the business and having resold it, is not now in position to say he bought for his own benefit, and the representatives of the deceased partners may follow the proceeds of sale into his hands.

3. IBID.—IBID.—TRUSTS.—The contract of partnership here and other proof made out a case of implied trust under which appellant is required to account for the proceeds of a copartnership business. Under the contract, he should be allowed no commissions as such or traveling expenses as such, but reasonable wages for services rendered.

Before KLUGH, J., Marlboro, February, 1910.    Modified.

Action by Mary A. Manship and G. J. Manship, executors of Aaron T. Manship, against Hope H. Newton, Sr., Hope H. Newton, Jr., and John Barrentine, administrator of David A. Berry.   Hope H. Newton, Sr., appeals.

*Messrs. Stevenson & Prince* and *W. F. Stevenson,* for appellant. *Mr. W. F. Stevenson* cites: *Administrator of deceased partner is necessary party:* Rice's Ch. 48; 43 S. C. 243; 14 S. C. 159. *Under the pleadings, Newton is not charged with constructive trust:* 78 S. C. 494. *Express trust cannot be proved by parol:* 31 S. C. 75; 2 Rich. Eq. 177; 6 Rich. Eq. 351; 14 S. C. 334; Harp. Eq. 158; 31 S. C. 75. *Surviving partner may buy partnership assets at sale under order of Court:* 216 U. S. 602. *Order of*

*Georgia Court for sale of land cannot be assailed:* 146 U. S. 657.

*Messrs. Gibson & Muller,* contra, cite: *On death of one partner title to partnership assets vest in survivor:* 22 Ency. 220; 25 Fed. R. 229; 17 Ency. 1155; 2 Hill 595; 1 Dall. 248; 28 L. R. A. 138; 34 Fed. 375; 4 Rich. 46; 49 N. Y. 97; 64 N. Y. 471; 99 Am. Dec. 415; 57 Fed. 774; 104 U. S. 18; 110 U. S. 119; 56 Am. Dec. 252; 39 Am. Dec. 697; 84 Mo. 27. *Surviving partner is trustee for heirs of deceased:* 28 L. R. A. 138; 99 Am. Dec. 415; 60 Am. R. 373; 33 S. E. 620; Parsons Part. 441-2; 40 Mich. 457; 66 Ill. 487; 23 N. E. 1076; 9 Peck. 233; 35 N. J. Eq. 80; 38 Ohio St. 357; 47 Ala. 104; 2 Wall. 70; 3 Colo. 364; 65 Am. Dec. 297. *Survivor is not entitled to commissions or compensation for winding up partnership affairs:* 17 Ency. 1183; 1 Head. 93; 11 Heirk. 206; 41 Pa. St. 129; 11 Phila. 244; 22 Ency. 225; 13 S. C. 511; 2 Hill. Ch. 549; 99 U. S. 355.

April 5, 1913. The opinion of the Court was delivered by

MR. JUSTICE FRASER. This was an action by the respondents as executrix and executor of Aaron T. Manship, deceased, against the appellant, Hope H. Newton, Sr., and Hope H. Newton, Jr., and John Barrentine, as administrator of David A. Berry, deceased.

The action as against the appellant, Hope H. Newton, Sr., was for an accounting as surviving partner in the Manship Company. The appellant answered and then it was referred to J. D. McLucas as special referee to hear and report his conclusions of law and fact. The case contains the following:

"The following facts alleged in the complaint and answer seem to be admitted:

"Aaron T. Manship, H. H. Newton, Sr., H. H. Newton, Jr., and David A. Berry, on the 11th December, 1899,

formed by written agreement, a copartnership, under the firm name of Manship Company, for the purpose of conducting business in Miller county, in the State of Georgia.

"That Berry and Manship each was to give half his time to the conduct of the business for stipulated compensation;

"That Aaron T. Manship died testate July 21, 1900; that Mary A. Manship and George J. Manship qualified as his executors July 20, 1900;

"That David A. Berry died October 1st, 1900; that letters of administration on his estate in Marlboro county were granted to John Barrentine October 26, 1900;

"That J. L. Tatum, on or about February 1, 1901, obtained letters of administration on the estates of Aaron T. Manship and D. A. Berry, in Miller county, Georgia, and that from then until the sale of the assets of the Manship Company, or until his death, with the defendant, H. H. Newton, Sr., conducted the business pertaining to said company;

"That J. L. Tatum died in August, 1902.

"That there is now no administrator of the estates of A. T. Manship and D. A. Berry in the State of Georgia.

"That all the property of said Manship Company has been sold and the remnant thereof last sold was purchased by the surviving partner, the defendant, Newton, Sr., who it appears is in possession of the purchase money thereof;

"That all the debts of Manship Company are paid;

"That H. H. Newton, Jr., and David A. Berry, on March 1, 1900, each made his promissory note to Aaron T. Manship for $3,546.67 and interest, and to secure the payment thereof each assigned to said Manship 'all his interest in the joint stock company known as Manship Company, said interest being one-fourth.'

"In his answer, the defendant, H. H. Newton, alleges that at a sale, under order of the court of ordinary for Miller county, Georgia, he purchased the interest of the deceased partners, Manship and Berry, in the Manship Company, for

the sum of $2,275, which sum he proffers to pay to the plaintiffs.

"There is also an allegation as to a contract of sale of the remnant of the assets of Manship Company to one Thaggard for $7,100, which Thaggard 'declined to go on with,' and 'that defendant, Newton,' was obliged to take 'the property, which he did not want.'

"It is not clear whether Newton took the property at $7,100, which was Thaggard's offer, or at the $2,275 bid made at the sale. But in either case, it would appear to be clear that David A. Berry's interest in the company would not be sufficient to pay the note of $3,546.67 secured by his assignment of all his interest in the Manship Company to Aaron T. Manship, hence a representative of Berry, while a proper party, is not a necessary party to this action."

The referee found against the appellant, Hope H. Newton, Sr., in favor of the plaintiffs, the sum of ten thousand six hundred and ninety-eight dollars and eighty-five cents.

From this finding of the referee the appellant excepted, and the cause was heard by his Honor, Judge Klugh, who sustained the referee. From this judgment the appellant appealed to this Court upon twenty-two exceptions. The appellant, however, in argument, thus states the questions:

"The following questions arise:

1. "Was the administrator of Tatum and the administrator *de bonis non* necessary to be before the Court? And can they sue in this case and disregard the sale made under order of the Court?

2. "Could Newton be charged as trustee of an implied trust under the allegations of the complaint?

3. "Could the express trust be proved by parol?

4. "Was the surviving partner prohibited from buying at the sale under order of the Court; and, if he bought, did he buy the property impressed with the trust *ex maleficio?*"

It will be observed that the appellant, upon the death of his copartners, went to Georgia and took charge of the busi-

ness and wound it up, taking an active part in the appoint-
ment of the administrator and procuring the order of sale
under which the sale was made.

I. 1. "Was the administrator of Tatum and the admin-
istrator *de bonis non* necessary to be before the Court?
And can they sue in this case and disregard the sale made
under order of the Court?"

The executrix and executor of Manship and the admin-
istrator of Berry, under South Carolina authority, are par-
ties. This position seems to be that an administra-
tor *de bonis non* of the Georgia Court ought to be
made a party to this suit. It was wholly unneces-
sary to have such an officer appointed.

The administrator of Tatum would have no custody of
the property of Manship and Berry, even in Georgia, and
outside of Georgia would have no standing whatsoever.
An appointee of the Georgia Court could have no extra
territorial power. There is no doubt that after the death
of his copartners, the appellant had full possession of all the
copartnership property and from that possession was
accountable.

"Can they disregard the sale made under order of the
Court?" They can not, and did not. The validity of the
judgment is not attacked. If the appellant did not secure
and convey a valid title under the order of the
Georgia Court, then the remedy of the respondents
is against the property and not the proceeds of sale.
It is because there was a valid sale of the interest of Man-
ship and Berry and a valid resale by the appellant that the
respondents claim the right to follow the proceeds of sale in
the hands of appellant. It is true, the referee says that the
appellant could take no title, but the report shows that he
meant that appellant could take no title for his individual
and exclusive benefit.

"Could Newton be charged as trustee, of an implied trust
under the allegations of the complaint?"

This question is academic. The complaint alleged an express contract and set out the contract as a part of the complaint and that contract was admitted by appellant.

This contract provided: "And also that they, the said copartners, once in three months or oftener upon the reasonable request of one of them, shall immediately make, yield and render each to the other, or to the executors and administrators of the other, a true, just and perfect account of all profits and increase by them or either of them sustained, and also of all payments, receipts and disbursements whatsoever by them or either of them made, or received, and of all other things by them or either of them acted, done or suffered in the said copartnership and joint business aforesaid; and on the 1st day of January, A. D. 1910, or other sooner determination of these presents (be it by the death of one of the said partners or otherwise) they, the said copartners, each to the other, or in case of death of either of them, the surviving party, to the executors or administrators of the party deceased, shall and will make a true, just and final account of all things as aforesaid, and divide the profits as aforesaid, and in all things well and truly adjust the same, and that upon the making of such final accounts all and every the material and products, choses in action, accounts and other obligations due the concern, as well the gains and increase thereof which shall appear to be remaining whether consisting of material, machinery, products, debts, wares, etc., and also all real estate, shall be equally parted and divided between them, the said copartners, their executors or administrators, share and share alike, the capital stock aforesaid to be regarded as a liability of the said copartnership."

The contract provided that the partners should not engage in any individual business within the scope of the copartnership outside of Marlboro county, without the consent of the partners, but if they did, then it would be at the individual risk of the offending partner, but the profits would go to

the copartnership. The accounting should be with the copartners, their executors, etc.

When the sale was bargained for to Thaggard and it became necessary to procure the order for sale under the Georgia law, the appellant wrote to the respondents demanding that they furnish the *data* upon which the proceedings were to be based, *i. e.*, that they co-operate with him in making ready for the sale, and states the price which he expects to get, not the price at the public sale, but the price under a resale. When that sale was made to appellant for the express purpose of making the sale to Thaggard, it could not have been claimed that appellant bought on his own account, whether the order of confirmation was made by the Court of Georgia or South Carolina. The rights of appellant were fixed on the day of confirmation. The fact that Haggard failed to comply and there was a delay and a new purchaser substituted, could make no difference. Nothing occurred in the *interim* to change the status of the parties. There was abundant evidence of an implied trust. The written contract required him to account in the final settlement for intermediate profits, and this is the final settlement, and under the terms of the contract all intermediate profits went to Manship Company.

After what has been written, the third and fourth questions need not be considered except as to the expression, "did he buy the property impressed with the trust *ex maleficio?*" There is no ground for finding bad faith. It seems from the case that the appellant intended to allow credit for the resale until the suit began and then he decided to stand on his legal rights as he saw them.

This Court need not consider those exceptions that refer to specific items of the account as the accounting has been held upon an erroneous basis and will have to be restated. The appellant is chargeable with the assets of Manship Company that came into his hands or that he ought to have received by reasonable diligence. He is to be allowed credit

for all reasonable payments he made on account of said business. No credit can be allowed for commissions, as such, or traveling expenses, as such. The contract is the law of the case and the contract says, "each of the other partners (H. H. N. and H. H. N., Jr.) are to be allowed reasonable wages for any services rendered the company."

The words "any services" is broad and includes all services of every nature rendered the company. The appellant must show what services he rendered and what they are reasonably worth.

The judgment of this Court is that the case be remanded to the Circuit Court for a restatement of the account in accordance with this decree.