July 11, 1916. The opinion of the Court was delivered by
After protracted litigation in the case of Manship v. Newton, reported in 94 S.C. 260, 77 S.E. 941, the plaintiff obtained judgment against the defendant, H.H. Newton, for $8,000. On this judgment only $1,000 was paid. The defendant, H.H. Newton, was examined in supplementary *Page 10 
proceedings, and arrested under the act of arrest and bail, and held under bond of $8,000, A nulla bona was returned in the case, and an action commenced for the purpose of setting aside a deed of conveyance from H.H. Newton to his wife, Kate M. Newton, of certain real property as being in contravention of the Statute of Elizabeth and the Assignment Act. Mrs. Newton had also been examined with her husband in the supplementary proceedings. After answers of the defendants were duly served and issue joined, the cause was referred to P.A. Murray, Esq., as special referee, to hear and determine all issues of law and fact and report to the Court. After taking the testimony the referee filed his report on April 27, 1915, sustaining the contention of the plaintiff and recommending that the deed executed by H.H. Newton to his wife, as far as the plaintiff was interested, be set aside and canceled. Exceptions were duly filed to this report by the defendants, and these exceptions were heard by his Honor, Judge Bowman, at the Summer term, 1915, for Marlboro county, who made a decree sustaining the exceptions to the special referee's report and dismissing the complaint. The decree of his Honor, Judge Bowman, will be set out in the report of the case. After entry of judgment and within due time the plaintiffs appeal, and by seven exceptions allege error on the Circuit Court, and the defendants ask that the decree be sustained upon one additional ground.
The first exception, as well as the additional ground of attorneys for respondent, raises the question as to whether the Court below was correct in holding that the suit was based exclusively upon the theory of a conveyance without consideration. We are of opinion that the complaint was sufficient to allege a cause both in contravention of the Statute of Elizabeth and the Assignment Act, and do not intend to take up and discuss the exceptions made separately, but content ourselves with determining whether or not there was fraud, actual or constructive, in the transactions between *Page 11 
the defendants, whether the deed was pretensive and fraudulent and made with intent to hinder, delay, defeat, or defraud the creditors of H.H. Newton; whether it was without consideration or inadequate consideration. The complaint of the plaintiffs and exceptions of the plaintiffs charge fully that the defendants acted in contravention of the Statute of Elizabeth and the Assignment Act, and allege error on the part of his Honor in not so holding and finding and decreeing that the deed should be set aside on one or both grounds. Was his Honor in error in holding and decreeing as he did? We will consider the evidence against the defendant, Mrs. Newton. The referee does not find that she was guilty of any fraud, as he says in his report:
"We will now leave Mrs. Newton out of consideration, as the undisputed testimony is that Mr. Newton acted as agent for Mrs. Newton in all matters relating to her property, and, this being the case, any fraud on the part of Mr. Newton will be imputed to her, although she did not actually participate in it."
His Honor finds that there was no fraud upon the part of either defendant. So we have a concurring finding of fact on the part of the special referee that there was no fraud on the part of Mrs. Newton, and she did not actually participate in it, even if her husband and codefendant did perpetrate a fraud, and there is no preponderance of the evidence to overcome this finding of the Circuit Court. Both the referee and Circuit Judge acquit Mrs. Newton in any participation in the fraud charged against Mr. Newton.
The referee attempts to bind Mrs. Newton for the acts of her husband, who was her agent, and finds if he was guilty of fraud his act would be imputed to her, although she did not actually participate in it. The conclusion was wrong. If H.H. Newton, her agent, had been dealing with third parties in reference to her affairs, and acting within the scope of his agency, then, what knowledge he had would be imputed to her, and his acts would be binding *Page 12 
on her. But the transaction between them in buying and conveying this property was an independent transaction, in nowise connected with their affairs as principal and agent, and was not in reference to the separate estate of Mrs. Newton that Mr. Newton looked after, but they were at arm's length, dealing with each other as individuals and not as principal and agent, but with a piece of property entirely disconnected with her property managed by Mr. Newton as agent for her, and in no manner connected therewith. The trade was between them as individuals, and the interests were antagonistic, and in the transaction it cannot be conceived that Newton was his wife's agent. Knobelock v.Bank, 50 S.C. 284, 27 S.E. 962; Townes v. Alexander,69 S.C. 30, 48 S.E. 214. In order to sustain the exceptions, it must be shown that both parties were guilty of fraud.
The only badge of fraud shown as far as Mrs. Newton is concerned is that the conveyance was shortly after the report of referee holding Newton liable was filed. The evidence satisfies us that she acted in good faith throughout the whole transaction, and there is nothing to show that Mrs. Newton did anything whereby it could be inferred that her conduct was in any manner fraudulent, or that she participated in any fraud. There is not evidence enough to raise a suspicion of wrongdoing on her part, much less to convict her of intentional wrongdoing. The transaction on her part throughout was in good faith based upon valuable consideration. Under the evidence in the case, and the cases of Steinmeyer v. Steinmeyer, 55 S.C. 28,33 S.E. 15; Lenhart v. Ponder, 64 S.C. 354,42 S.E. 169, the exceptions as to Mrs. Newton must be overruled.
As to plaintiffs' exceptions as to the defendant, H.H. Newton, the Circuit Court found that he was guilty of no fraud, actual or constructive. It was incumbent upon the appellants to satisfy this Court by the preponderance of the evidence that this finding was *Page 13 
incorrect. This the appellants have failed to do. All exceptions are overruled.
Judgment affirmed.
MR. CHIEF JUSTICE GARY and MR. JUSTICE HYDRICK concur in the opinion of the Court.